STATE OF HAWAII, Plaintiff-Appellee, *v.* NORMAN SANTIAGO, Defendant-Appellant

NO. 5332

DECEMBER 11, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY ABE, J.

The defendant, Norman Santiago, was convicted of the offense of murder in the first degree. Judgment and sentence were entered by the court and the defendant appealed.

The defendant does not deny having killed the police officer, Ernest Lindemann; however, he contends that at the time of the killing it was impossible for him to formulate the requisite mental state for first degree murder.

On the day of the incident, the defendant and his common-law wife, April, had an altercation and the officer had accompanied April to the Queen's Hotel, where she lived with the defendant, to see that the defendant did not interfere with her removing her personal belongings. The officer waited for April at the doorway. When the defendant learned of the officer's mission, he attacked the officer and subjected him to inhumane and brutal attack, and, as a result thereof, the officer died.

On appeal, the defendant presents several issues, two of which merit some discussion.

I.

Defendant's first specification of error on appeal is that the trial judge was incorrect in his three rulings denying defendant's motion for judgment of acquittal from murder in the first degree. One such motion was made following the close of the prosecution's case, another following the close of defendant's case, and yet another after the prosecution's rebuttal case had been presented and all parties had rested.

*H.R.Cr. P.,* Rule 29(a). The theory that allegedly supported these motions was substantially the same in all three instances and was essentially that all the evidence showed that defendant could not have considered the consequences of his actions and consequently could not have engaged in the mental activities of deliberation and premeditation necessary for first degree murder.

The transcript shows that there was conflicting testimony of psychiatrists on the factual issue of defendant's state of mind. It would have been error on the part of the trial judge to make a conclusive determination against the State on this issue. In *State v. Rocker,* 52 Haw. 336, 475 P.2d 684 (1970), we set forth the proper appellate standard for review of trial court action denying a motion for acquittal. In accordance with the rule in *Curley v. United States,* 160 F.2d 229, 232 (D.C. Cir. 1947), *cert. denied,* 331 U.S. 837 (1947) we held, 52 Haw. 336, 346, 475 P.2d 684, 690, that "[t]his court will not disturb the ruling of a lower court if the evidence of the prosecution is such that 'a reasonable mind might fairly conclude guilt beyond a reasonable doubt.' "

In this case, the evidence of the prosecution was susceptible to an interpretation other than that exonerating defendant from first degree murder. Conclusive interpretation of conflicting evidence is the responsibility of the jury. We therefore hold that the rulings of the trial judge not to grant the motions for a judgment of acquittal were correct.

II.

The defendant next contends that the trial judge did not adequately instruct the jury on the law of diminished capacity, as such mental state reflects on the requisite intents necessary for proof of first and second degree murder and manslaughter. *See, State v. Moeller,* 50 Haw. 110, 116-17, 433 P.2d 136, 141-42 (1967).

Rule 3(b) (5) of this court requires that where a point on appeal is as to instructions, the appellant in his opening brief must "set out the specific words of the part referred to,

whether it be instructions given or refused, together with the objections urged at the trial.'' The defense has failed to meet the requirement of this rule; however despite this shortcoming we will consider the question.

On the specific issue of defendant's mental capacity the trial judge instructed the jury that the defendant was charged in the indictment with the offense of murder in the first degree; and that under our laws one so charged may be found not guilty, guilty of the offense charged or guilty of any lesser included offenses. Then the trial judge gave the following instructions:

In this case, the lesser included offenses are murder in the second degree and manslaughter.

You are therefore at liberty if you do not find that the offense charged in the indictment has been proved from all the evidence beyond a reasonable doubt, to then consider whether or not the defendant is guilty of one of the lesser included offenses.

In order to find the defendant guilty of a lesser included offense, you must find that the same has been proved by all the evidence beyond a reasonable doubt.

Murder in the second degree is defined in our statutes as follows: "Murder in the second degree is the killing of any human being with malice aforethought without authority, justification, or extenuation by law.''

Murder in the second degree differs from murder in the first degree in that while the killing is committed with malice aforethought, the elements of deliberateness and premeditation are not required. If the killing is committed without premeditation but in the heat of passion, then the offense is murder in the second degree and not in the first degree.

Manslaughter is the intentional and unlawful killing of a human being without premeditation, deliberation or malice aforethought.

The distinction between murder in the second degree and manslaughter is the absence of malice.

If you find from the evidence that at the time the alleged crime was committed, the defendant's mental

capacity was reduced, whether caused by intoxication, abnormal mental or nervous condition, or any other cause, you must consider what effect, if any, this diminished capacity had on the defendant's ability to form any of the specific mental states that are essential elements of murder and manslaughter.

Thus, if you find that the defendant's mental capacity was diminished to the extent that you have a reasonable doubt whether he did premeditate and deliberate or form an intent to kill, you cannot find him guilty of murder in the first degree.

Also, if you find that his mental capacity was diminished to the extent that you have a reasonable doubt whether he did harbor malice aforethought, you cannot find him guilty of murder of either the first or second degree.

Regarding the instructions as given by the trial judge, we are satisfied that the jury was correctly instructed on the question of diminished mental capacity and no prejudicial error was committed by the trial judge on this crucial issue.

We have carefully considered the other points on appeal and find them without merit.

Affirmed.

*James Blanchfield (Hart, Sherwood, Leavitt, Blanchfield* and *Hall* of counsel) for defendant-appellant.

*Adrienne Sepaniak,* Deputy Prosecuting Attorney *(Barry Chung,* Prosecuting Attorney, with her on the brief), for plaintiff-appellee.